UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBRA A. SPAH, | CASE NO. C09-5659RJB |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | Noted for September 10, 2010 |
| Defendant. | |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). This matter has been fully briefed. After reviewing the record, the undersigned finds the ALJ improperly considered a DSHS evaluation as an "accommodation opinion", adversely affecting the review of plaintiff's application for social security benefits. Accordingly, the undersigned recommends remand to the administration for further consideration.

REPORT AND RECOMMENDATION - 1

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Debra Spah, is currently 44 years old. Tr. 221. She graduated from high school. Tr. 321. She has work experience as a temporary employee, working various types of jobs. She has also owned and operated a house cleaning business for several years until 1997. Tr. 321, 955-59. In 1997, plaintiff was involved in a motor vehicle accident, resulting in neck and back pain. Tr. 320.

On June 19, 1998, plaintiff filed applications for social security benefits. Plaintiff initially alleged she became disabled on June 12, 1997. Tr. 24. Plaintiff's earlier applications were denied without being appealed.

On September 11, 2003, plaintiff filed a new application for supplemental income benefits (SSI). In a report filed September 11, 2003, plaintiff alleged that she became unable to work on May 10, 2001, due to liver toxemia, gallbladder disease, colon polyps, "EGD," abnormal small bowel, depression, anxiety and panic disorder. Tr. 506. At the hearing, plaintiff amended her alleged onset date to July 30, 2002, the day after a prior unfavorable ALJ decision. Tr. 24, 946. In a post-hearing decision dated June 29, 2007, the ALJ issued a written decision. Tr. 24-45. The ALJ found plaintiff not disabled between July 30, 2002 and May 1, 2004, but she also found plaintiff disabled for a closed period beginning on May 1, 2004, and ending on June 1, 2006. Tr. 42, 45.

Specifically, the ALJ found in relevant part as follows:

(1)     At step-one of the sequential disability evaluation process, plaintiff had not engaged in substantial gainful activity since July 30, 2002;

(2)     At step-two, plaintiff had "severe" impairments consisting of anxiety disorder, depressive disorder, and substance abuse in remission;

(3)     At step-three, none of plaintiff's impairments met or medically equaled the criteria of any of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

REPORT AND RECOMMENDATION - 2

   (4) After step-three but before step-four, the ALJ found that, from July 30, 2002 to May 1, 2004, plaintiff retained the capacity to occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, stand about 6 hours in an 8-hour workday, walk about 6 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday.  She could perform work involving simple repetitive tasks but not requiring constant attention to detail.  She could handle occasional contact with co-workers and the public in a stable work environment with not much adjustment or change in work duties.  From May 1, 2004 to June 2, 2006, the ALJ found plaintiff would miss work two or more days per month due to her impairments;

   (5) At step-four, plaintiff was unable to perform past relevant work since July 30, 2002;

   (6) At step-five, from July 30, 2002 to May 1, 2004, plaintiff was capable of performing other jobs existing in significant numbers in the national economy;

   (7) According to the ALJ, medical improvement occurred as of June 2, 2006, the date plaintiff's disability ended;

   (8) Beginning June 2, 2006, plaintiff was found capable of making a successful adjustment to work and the ability to perform other jobs existing in significant numbers in the national economy.

Tr. 24-45.

   Plaintiff appealed the ALJ's decision, but the Appeals Council denied plaintiff's request for review.  Tr. 1-5.  As a result, the ALJ's decision is the Administration's final decision.  20 C.F.R. § 416.1481.  Plaintiff subsequently filed the instant matter with the court seeking judicial review of the administrative decision.  Plaintiff argues the ALJ's decision should be reversed and remanded to the Commissioner for an award of benefits or, in the alternative, for further

REPORT AND RECOMMENDATION - 3

administrative proceedings.  Specifically, plaintiff raises the following five issues in her Opening Brief (Doc. 14):

(a) The ALJ failed to provide legitimate reasons for rejecting medical opinion evidence.

(b) The ALJ failed to properly evaluate plaintiff's testimony regarding her symptoms and limitations.

(c) Plaintiff's impairments have met or equaled Listing 12.04 of the Listings of Impairments and the ALJ erred in not making this conclusion.

(d) The ALJ improperly determined plaintiff's residual functional capacity (RFC).

(e) The ALJ erroneously found that plaintiff experienced medical improvement.

(f) The ALJ failed to properly show that plaintiff is able to perform other work within the national economy.

(g) The Administration's Appeals Council failed to remand the matter for a new hearing based upon new evidence.

## DISCUSSION

This Court must uphold the Commissioner's determination that plaintiff is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision.  Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991).  If the evidence suggests more than one

rational interpretation, the Court must uphold the Commissioner's decision. <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. <u>Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." <u>Morgan v. Commissioner of the Social Security Administration</u>, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." <u>Id</u>. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." <u>Reddick</u>, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." <u>Id</u>. The ALJ also may draw inferences "logically flowing from the evidence." <u>Sample</u>, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." <u>Id</u>. at 830-31. However, the ALJ "need not discuss all evidence presented" to him

REPORT AND RECOMMENDATION - 5

or her. <u>Vincent on Behalf of Vincent v. Heckler</u>, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (*citation omitted*). The ALJ must only explain why "significant probative evidence has been rejected." <u>Id</u>.; *see also* <u>Cotter v. Harris</u>, 642 F.2d 700, 706-07 (3rd Cir. 1981); <u>Garfield v. Schweiker</u>, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. <u>Lester</u>, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." <u>Batson v. Commissioner of Social Security Administration</u>, 359 F.3d 1190, 1195 (9th Cir. 2004); <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." <u>Lester</u>, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." <u>Id</u>. at 830-31; <u>Tonapetyan</u>, 242 F.3d at 1149.

Here, as noted above the ALJ relied on the opinion of Dr. Sandvik and the state agency consulting physician's evaluation of the record to assess plaintiff's mental impairments, particularly during the relevant period from July 30, 2002 to May 1, 2004. At step-two, the ALJ found plaintiff suffered from both an anxiety and a depressive disorder. Tr. 28. The ALJ evaluated the limitations caused by these impairments, and in doing so, the ALJ either rejected or discounted the opinions Dr. Reineman, Ms. Bradley, Dr. Moore, Dr. Porter, and Ms. Wagonblast. Plaintiff argues the ALJ erred in rejecting these opinions, which consistently rated plaintiff's impairments as being more severe than Dr. Sandvik or the state agency evaluator.

REPORT AND RECOMMENDATION - 6

After reviewing the record, the undersigned finds the ALJ improperly rejected the evaluations completed by Dr Moore and Ms. Bradley.  The ALJ wrote, in part, the following:

> Overall, the limitations assessed in those forms are not supported by the objective medical evidence.  Such DSHS opinions are likely accommodation opinions rather than opinions on residual functional capacity and the ability to work.  The forms were not completed in an attempt to seek treatment for symptoms, but rather, in connection with an effort to generate evidence for the current appeal with the intent to help the claimant continue to receive welfare benefits and secure Social Security benefits.  Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored.

Tr. 38.

It was improper for the ALJ to discount the opinions in this fashion.  Medical evidence cannot legitimately be discounted based on the context in which it was obtained.  *See* Reddick v. Chater, 157 F.3d 715, 726 (9th Cir. 1998)(In the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it.).

Here, the court cannot ignore the statement that the ALJ believes that DSHS evaluations are prepared for the purpose of qualifying someone for welfare or disability benefits.  Such a bias makes any review of such opinions unfair to the social security claimant.  Accordingly, the matter must be remanded to the administration for further consideration.  The administration must determine whether or not the medical evidence supports a finding of disability and whether or not plaintiff's condition improved as concluded by the ALJ.

As further argued by plaintiff, the ALJ's error in evaluating the medical opinion evidence requires a complete re-evaluation of the medical record, plaintiff's residual functional capacity, and plaintiff's testimony.  On remand, the administration should review the application for benefits and the evidence in their entirety and reconsider each of the five-steps in the

REPORT AND RECOMMENDATION - 7

administrative process.  In addition, on review the administration should review and include in the record any further evidence relevant to plaintiff's claims of disability.

## CONCLUSION

Based on the foregoing discussion, the Court should remand the matter to the administration for further consideration.  Remand for reconsideration of the ALJ's RFC finding, particularly plaintiff's mental limitations, and step-five analysis will necessarily require the administration to reconsider the medical evidence and plaintiff's testimony in their entirety.  Accordingly, the other issues presented by plaintiff are essentially moot and were therefore not specifically addressed in this report.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on September 10, 2010, as noted in the caption.

Dated this 13th day of August, 2010.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge