1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBRA A. SPAH,

               Plaintiff,

      v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

             Defendant.

Case No.C09-5659RJB

ORDER ADOPTING
REPORT AND
RECOMMENDATION OF
THE MAGISTRATE
JUDGE

      This matter comes before the court on review of the Report and Recommendation of the magistrate judge.  Dkt.30. The court has considered the Report and Recommendation, plaintiff's objections (Dkt. 31), defendant's response (Dkt. 32), and the remainder of the file herein.

      On January 25, 2011, U.S. Magistrate Judge Richard J. Creatura issued a Report and Recommendation (Dkt. 30) that addressed plaintiff's motion for attorney's fees (Dkt. 26).  The Report and Recommendation concluded that plaintiff may not recover attorneys' fees for issues not addressed by the district court in this appeal.  Judge Creatura recommended that plaintiff have until April 1, 2011 to amend the amount of the Equal Access to Justice Act fees requested, including only the amount of fees incurred in presenting the issues addressed by the court.  Dkt. 30, at 6.

      On February 8, 2011, plaintiff filed objections, arguing that (1) *Hardisty v. Astrue*, 592 F.3d 1072 (2010) is not on point, because, in *Hardisty*, the Commissioner's position was substantially justified, contrary to the present case, in which the Commissioner conceded that the issue resulting in remand was

1   not substantially justified; (2) *Hensley v. Eckerhart*, 461 U.S. 424 (1983) requires an award for all hours

2   reasonably expended on the litigation; (3) plaintiff should be entitled to all of her fees related to whether

3   the Commissioner's final decision is based upon substantial evidence and free of legal error, unless the

4   government's litigation position and its position in the underlying action are substantially justified; (4) the

5   recommendation that plaintiff account separately for time expended on each issue is practically

6   impossible; and (5) there is no consensus among district courts that 20-40 hours is a reasonable amount of

7   time to expend on a disability appeal.  Dkt. 31.

8        In his reply, defendant contends that *Hardisty* is on point; that the conclusion in the Report and

9   Recommendation that plaintiff may not recover fees for issues the court did not reach does not conflict

10  with *Hensley*; and that plaintiff has the ability to amend her EAJA fee request to include only the amount

11  of fees incurred in presenting issues to the court.  Dkt. 32.

12       Here, the magistrate judge analyzed the legal issues, and concluded, in accord with *Chavez*, that

13  *Hardisty* applies in this case, and prohibits awarding attorney's fees for issues not considered by the

14  court.  The court concurs with the analysis and conclusion of the Magistrate Judge.  Further, plaintiff

15  should be able to allocate his fees to the claim upon which she prevailed.  The court should adopt the

16  Report and Recommendation, and require plaintiff to amend the amount of the Equal Access to Justice

17  Act fees requested, including only the amount of fees incurred in presenting the issues addressed by the

18  court.

19       Therefore, it is hereby **ORDERED** that

20       The Report and Recommendation of the magistrate judge (Dkt. 30) is **ADOPTED**.  Not later than

21  April 1, 2011, plaintiff may file an amended motion for attorney's fees, including only the amount of fees

22  incurred in presenting issues that were addressed by the court in this appeal.

23       The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

24  party appearing *pro se* at said party's last known address.

25       DATED this 28th day of February, 2011.

26

27

28

Robert J Bryan
United States District Judge

ORDER
Page - 2