UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBRA A. SPAH,<br><br>                    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>                    Defendant. | CASE NO. C09-5659RJB<br><br>REPORT AND RECOMMENDATION ON AMENDED MOTION FOR ATTORNEY'S FEES<br><br>Noted for May 20, 2011 |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rules MJR 1 and MJR 4(a)(4); and, as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. (See ECF Nos. 38, 39, 40.)

After considering and reviewing the relevant record, including the time and expense sheet submitted by plaintiff's counsel, the undersigned concludes that plaintiff's counsel has met his burden to supply sufficient evidence supporting the hours worked and the fees requested. In addition, plaintiff's attorney achieved complete success and no special circumstances make the requested award unjust. The Court concludes that the attorney's fees requested are reasonable.

## PROCEDURAL HISTORY

On October 23, 2009, plaintiff filed a complaint to review and set aside a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g). (ECF No. 3.) On September 10, 2010, the District Court adopted the Report and Recommendation of the undersigned, and ordered that the underlying matter be remanded to the Administration for further consideration. (ECF No. 24.) The Report and Recommendation included the conclusion that the ALJ failed to evaluate properly the medical evidence, and that the Administration therefore on remand should "review the application for benefits and the evidence in their entirety and reconsider each of the five-steps" in the sequential disability evaluation. (ECF No. 23, pp. 7-8.) The Report and Recommendation also included the conclusion that "the other issues presented by plaintiff are essentially moot and were therefore not specifically addressed in this report." (ECF No. 23, p. 8.)

On December 8, 2010, plaintiff filed a Motion for Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act. (ECF No. 26.) See 28 U.S.C. § 2412(d). After considering the briefs and relevant record, the undersigned issued a Report and Recommendation on January 25, 2011, concluding that "to the extent plaintiff's motion requests fees for presenting issues that the Court did not reach, plaintiff's request for fees is not authorized by statute," in reliance on Hardisty v. Astrue, 592 F.3d 1072, 1077, 1079 (9th Cir. 2010). (See ECF No. 30, pp. 1, 5-6.) The Court also concluded that "plaintiff should be allowed until April 1, 2011 to amend the amount of the Equal Access to Justice Act fees requested to include only the amount of fees incurred presenting the issues that were addressed by the Court." (See id., p. 6.)

Over plaintiff's objection (see ECF No. 31), District Judge Robert J. Bryan issued an Order adopting the January 25, 2011 Report and Recommendation by the undersigned. (See ECF

No. 33.) On March 2, 2011, plaintiff filed a notice of appeal of this Order adopting Report and Recommendation. (See ECF No. 34.)

On March 31, 2011, plaintiff filed an Amended Motion for Attorney Fees. (See ECF No. 38). Plaintiff also attached a time and expense sheet (See Reply, ECF No. 40, Time and Expense Sheet, Attachment 2), indicating a request only for time spent on issues addressed by the Court. (See Reply, ECF No. 40, Declaration, Attachment 1, p. 2.) This matter is fully briefed. (See ECF Nos. 38, 39, 40.)

## STANDARD OF REVIEW

Plaintiff seeks an award of attorney's fees and expenses pursuant to pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act. Specifically, plaintiff is seeking reimbursement of expenses equal to $28.22 and attorney's fees equal to $8,608.16. (See Reply, ECF No. 40, Time and Expense Sheet, Attachment 2.)

The Equal Access to Justice Act provides, in relevant part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

In any action brought by or against the United States, the Equal Access to Justice Act requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was substantially

justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A). However, the Equal Access to Justice Act does "no[t] indicat[e] that attorneys' fees should be awarded with respect to positions of the United States challenged by the claimant but unaddressed by the reviewing court." Hardisty v. Astrue, 592 F.3d 1072, 1077 (9th Cir. 2010).

"The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. See Hensley v. Eckerhart, 461 U.S. 424, 433, 436-37 (1983).

DISCUSSION

The first issue the Court will address is defendant's argument that plaintiff's alternative fee request is unreasonably large and that other courts have held that "20-40 hours is a reasonable amount of time to expend on a social security case that does not present particular difficulty." (See ECF No. 39, pp. 3, 4 (*citing* Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 n.2 (N.D. Cal. 2000); Chandler v. Sec. of the Dept. of Health and Human Servs., 792 F.2d 70, 73 (6th Cir. 1986); Silva v. Bowen, 658 F. Supp. 72 (E.D. Pa. 1987)).)

The Court of Appeals for the Ninth Circuit has not adopted a rule that only Equal Access to Justice Act fee requests of less than 40 hours in social security appeals are reasonable. In addition, district courts in this circuit have not reached any consensus regarding any specific amount of hours that are reasonable in 'typical' or 'routine' social security cases for attorney's fees pursuant to the Equal Access to Justice Act. See, e.g., Johnson v. Astrue, 134 Soc. Sec. Rep. Service 4, 2008 U.S. Dist. LEXIS 68681 at *5, 9-10 (N.D. Cal. 2008) (although defendant

REPORT AND RECOMMENDATION - 4

Commissioner contended that 47 hours of time was unreasonable on a social security appeal that was fairly routine and not overly complex, the court awarded fees representing 57 hours, as it disagreed with Commissioner's contention and awarded 10 additional hours for the time plaintiff's attorney expended replying to defendant's response to plaintiff's request for fees); see also Burleson v. Astrue, 2009 WL 364115 at *3 (W.D.Wash. 2009) ("There is no hard-and-fast cap on attorney fee awards at 40 hours") (*citing* Patterson v. Apfel, 99 F.Supp.2d 1212, 1214 n.2 (C.D.Cal. 2000); Gibson-Jones v. Apfel, 995 F.Supp. 825, 827 (N.D.Ill. 1998)) (other citation omitted). Therefore, the Court is not persuaded by this characterization by defendant of how many hours are "reasonable" in a "social security case that does not present particular difficulty." (See ECF No. 39, p. 4.)

Defendant also challenges the requested award due to plaintiff's "limited success" and based on an assertion that plaintiff did not reduce the amount of time sufficiently due to the Court's "prohibition on recovery for hours expended on issues the Court did not reach." (See ECF No. 39, p. 5.) The Court notes that plaintiff achieved complete success on her request for review of the Administration's final decision, including a requirement following remand, that the Administration "reconsider each of the five-steps in the administrative process." (See Report and Recommendation, ECF No. 23, pp. 7-8.) Furthermore, plaintiff's counsel submitted a Declaration under penalty of perjury that he has done his best to "separate[] out the time [] expended on issues not reached by the court." (Declaration, ECF No. 40, Attachment 1, p. 2.) Additionally, the Court had conducted its own review of the time and expense sheet to make its own determination of the reasonableness of the hours for which recovery is requested. See Hensley, supra, 461 U.S. at 433, 436-37.

Based on a review of the relevant record, and based on a review of the time and expense sheet supplied by plaintiff's counsel, the Court concludes that the amount of requested time and the fees represented thereby, along with the requested expenses, are reasonable.

Defendant also objects to any language in the order awarding fees directly to plaintiff's attorney. (See ECF No. 39, p. 9.) Plaintiff does not respond to this argument.

The United States Supreme Court recently has held "that a [28 U.S.C.] § 2412(d) fees award is payable to the litigant." Astrue v. Ratliff, 130 S. Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at \*\*\*6-7 (2010). The Court also concluded that such a fees award therefore is "subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." (Id.)

The Court concludes that the attorney's fees and expenses award requested here pursuant to the Equal Access to Justice Act is "a § 2412(d) fees award [and therefore] is payable to the litigant." See Astrue v. Ratliff, 130 S. Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at \*\*\*6-7 (2010); cf. Sandoval v. Astrue, 2011 U.S. Dist. LEXIS 30255 at \*6 (D. Ariz. 2011) (whether or not plaintiff "has assigned that award to her attorney is a matter for [plaintiff] and her attorney to resolve").

Because plaintiff has withdrawn temporarily her request for attorney's fees for time incurred presenting and defending her motion for attorney's fees, this particular issue is not before the Court currently. (See ECF No. 40, p. 3).

## CONCLUSION

The Court has reviewed the time and expense report submitted by plaintiff's counsel. Plaintiff's counsel has met his burden to supply sufficient evidence supporting the hours worked and the fees requested. In addition, no special circumstances make the requested award unjust,

REPORT AND RECOMMENDATION - 6

and the position of the United States was not substantially justified. The Court concludes that the fees and expenses requested are reasonable. See 28 U.S.C. § 2412(d)(1)(A).

Therefore, the Court should award plaintiff Equal Access to Justice Act fees in the amount of $8,608.16, and expenses in the amount of $28.22. The Equal Access to Justice Act fees and expenses are subject to any offsets allowed under the Treasury Offset Program. See Astrue v. Ratliff, 130 S. Ct. 2521, 2524-2525, 2010 U.S. LEXIS 4763 (2010). Therefore, the Commissioner should contact the Department of Treasury after the Order for Equal Access to Justice Act fees and expenses is entered, in order to determine whether or not the fees and expenses are subject to any offset. If they are not subject to any offset, payment of this award should be made via check payable to plaintiff. However, this check may be sent to plaintiff's attorney at: Law Office of Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA, 98501. The same procedure should be followed for any remainder if the fees and expenses are subject to any offset.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 20, 2011, as noted in the caption.

Dated this 25th day of April, 2011.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7